UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEROME RIDDICK,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     No. 3:16-cv-1769 (SRU) |
| SCOTT SEMPLE, et al.,<br>    Defendants. | :<br>:<br>: |

## **RULING ON PENDING MOTIONS**

On September 10, 2018, Jerome Riddick, filed an amended complaint (doc. no. 24) against the defendants for breach of the settlement agreement executed on March 5, 2014 and the May 14, 2015 clarification of the terms of that agreement in accordance with my previous instruction. *See* Order, Doc. No. 23. The defendants answered the amended complaint on January 3, 2019. Answer, Doc. No. 39. Riddick has filed three motions for preliminary injunctive and declaratory relief against the defendants. *See* Doc. Nos. 40, 42, 44. For the following reasons, all three motions are denied.

    I.    <u>Motion for Enforcement of Settlement Agreement (Doc. No. 40)</u>

On December 31, 2018, Riddick filed an "Emergency Motion to Enforce [the] Settlement Agreement." Doc. No. 40. At the time, he was confined at Northern Correctional Institution ("Northern"). In his motion, he argued that the defendants breached the settlement agreement by transferring him to Northern without first conducting a mental health evaluation. *Id.* He seeks an order compelling the defendants to transfer him back to his original housing unit at Garner Correctional Institution ("Garner") because "everyday he's at Northern he's in segregation/isolation and [in a] restrictive housing unit without an affirmative determination that such . . . confinement conditions are medically appropriate." *Id.* at 2-3. The record reflects that

Riddick is no longer confined at Northern and is currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. I construe Riddick's motion as a motion for preliminary injunctive relief.

Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A movant seeking a preliminary injunction must establish (1) irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995).

With respect to the first prong, courts will presume that a movant has established irreparable harm in the absence of injunctive relief when the movant's claim involves the alleged deprivation of a constitutional right. *Jolly*, 76 F.3d at 482. However, the likelihood of irreparable harm must be "actual and imminent," not speculative. *New York v. Nuclear Regulator Comm'n*, 550 F.2d 745, 754 (2d Cir. 1977).

If the moving party is seeking a "mandatory injunction," meaning an injunction that changes the status quo by commanding the opposing party to perform a positive act, then he must satisfy an even higher standard of proof with respect to the second prong. *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006). He "'must make a clear or substantial showing of a likelihood of success' on the merits . . . a standard especially appropriate when a preliminary injunction is sought against the government." *Id.* (quoting *Jolly*, 76 F.3d at 473). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage

will result from a denial of preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted).

In this case, Riddick seeks a mandatory injunction compelling the defendants to transfer him out of Northern and back to his housing unit at Garner because his placement in restrictive housing at Northern without medical evaluation is a breach of the settlement agreement. Because Riddick is no longer confined at Northern, there is no indication that the harm created by the defendants is ongoing, and thus, his request for a mandatory injunction is moot. *See Prims v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (transfer of prisoner out of facility against which he seeks injunctive and/or declaratory relief renders claim for such relief moot); *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir. 1989) (same). Moreover, Riddick has not shown a substantial likelihood of success on the merits of his claim or that the denial of such a mandatory injunction will result in severe, irreparable harm. Therefore, the motion for preliminary injunctive relief (doc. no. 40) is **denied**.

II.     Motion for Declaratory Judgment (Doc. No. 42)

On January 8, 2019, Riddick filed a "Motion for Declaratory Judgment," which seeks "a speedy hearing for his request for declaratory relief." Mot. for Declaratory J., Doc. No. 42 at 2. In my initial review of the amended complaint, I permitted Riddick's claim for declaratory relief to proceed against the defendants in their official capacities. Review of Am. Compl., Doc. No. 25. Courts in this Circuit have recognized the power to issue preliminary declaratory relief when necessary. *See Langmead v. Monroe County Office of Sheriff*, 2013 WL 3759958, at *3 (W.D.N.Y. July 15, 2013); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Doe*, 868 F. Supp. 532, 535 (S.D.N.Y. 1994). Preliminary declaratory relief is conditioned on the same standards as

3

preliminary injunctive relief. *See Merrill Lynch*, 868 F. Supp. at 535-36. Riddick's motion for a preliminary declaratory judgment fails for the same reasons as his motion for preliminary injunctive relief. He has not shown that absence of such a judgment will result in severe irreparable harm, particularly in light of his recent transfer out of Northern. Therefore, the motion for a preliminary declaratory judgment (doc. no. 42) is **denied**.

### III. Motion for Supervisory Order (Doc. No. 44)

On January 25, 2019, Riddick filed an "Emergency Motion for Supervisory Order" (doc. No. 44) in which he seeks an order compelling the defendants to perform "periodical reviews of the medical appropriateness for the need of continued confinement at Northern, or other prisons more restrictive than Garner." Mot. for Superv. Order, Doc. No. 44. One of the provisions of the settlement agreement prohibits the defendants from transferring Riddick to Northern, or any facility more restrictive than Garner, unless the Clinical Director for Mental Health first evaluates his mental health status. Release and Settlement Agreement, Doc. No. 41 at 4. Thus, the instant motion appears to be yet another motion for preliminary injunctive relief. This motion (doc. no. 44) is **denied** for the same reasons as his other motion (doc. no. 40).

## ORDERS

The motions for preliminary injunctive and declaratory relief (doc. nos. 40, 42, and 44) are **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut this 9th day of May 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge